WINTON PLACE (VIL.) v. CINCINNATI ST. RY. ET AL.

AFTER APPEAL, AMENDMENT NOT ALLOWED TO LET IN NEW PARTY WITH ISSUE TO WHICH PLAINTIFF COULD NOT BE JOINED.

> After the trial and determination of a case, and the prosecution of an appeal to the circuit court, an amendment to the petition therein will not be allowed to let in a new complainant with an issue to which the plaintiff could not be a party, even though both the causes of action are founded on a breach of contract practically the same in the two cases, but differing in their terms and consideration.

ERROR to Hamilton common pleas court.

**Lawrence Maxwell** and **C. P. Mackelfresh,** for plaintiff in error.

**J. W. Warrington** and **Joseph Wilby,** for defendant in error.

## PER CURIAM.

This case was submitted upon a motion for a new trial, and while there may be some doubt as to the authority of the railway company to make the change of its railway route in Winton Place under the section of the statute providing for the extension of the track, or whether such change was prohibited by Lan. R. L. 5553 (R. S. 3448), yet express authority is granted by the act of May 10, 1902 (95 O. L. 502; Lan. R. L. 3765; B. 1536-189), and the motion for a new trial should be overruled, unless the application to make the Spring Grove Cemetery association a party plaintiff with leave to file an amendment to the petition is allowed. It is based upon Lan. R. L. 8520 (R. S. 5005), which provides:

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided."

The subject of the action stated in the original petition is first, the validity or the invalidity of the release of the railway company under the ordinance of February 10, 1903, from the obligation of operating a street railway from Epworth avenue to the north gate of the cemetery; and second, if invalid, the obligation to operate said railroad under ordinance of October 2, 1894.

The amendment offered sets up the contract between the cemetery association and the railway company, whereby the railway company agrees to construct and operate a street railroad from Spring Grove avenue to the north gate of the cemetery, in consideration of the cemetery association giving its consent as abutting property owner to such construction, and the payment of $3,500 to the defendant company.

The subject of the amendment is a like obligation to operate the railroad, but based upon other and different considerations. The contract entered into by the cemetery association was subordinate and dependent upon the contract entered into with the village of Winton Place. There was no power in the railway company to operate the railroad and no power in the cemetery association to enforce it unless a grant was first made by the village to the railroad company.

The release of the railway company by the village from the obligation to operate the road, does not require it to abandon the same, and therefore leaves no obstacle in the way of enforcement of the contract between the cemetery association and the railway company, although the consideration upon which it is based is separate and distinct.

It may be admitted that the breach of each contract is substantially the same, to wit, the failure to operate the railroad from Epworth avenue to the north gate of the cemetery; yet the issue presented in the petition having been tried and determined, there appears no good reason why the petition should now be amended by letting in a new party plaintiff with an issue which must be determined by the terms of a contract to which the plaintiff was not and could not be a party. Granting even that the plaintiffs might have joined in the original action, it is too late to make the application for the first time in this court. *Grant v. Ludlow,* 8 Ohio St. 1.

Motion for a new trial will be overruled, and the application to amend denied.

**JELKE, J.**

I do not think the act of May 10, 1902 (95 O. L. 502), applies. I concur in refusing leave to amend, and overruling motion for a new trial.